UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| STEPHEN MICHAEL WEST, | ) | |
| | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | No.: 3:01-cv-91 |
| | ) | (VARLAN/SHIRLEY) |
| RICKY BELL, WARDEN, | ) | |
| Riverbend Maximum Security Institution, | ) | **DEATH PENALTY** |
| | ) | **EXECUTION SCHEDULED** |
| *Respondent.* | ) | **NOVEMBER 9, 2010** |

## MEMORANDUM

Stephen Michael West ("Petitioner") is awaiting his November 9, 2010 execution by the State of Tennessee following his 1987 convictions for killing a fifteen-year-old girl and her mother. He has exhausted his appeals in the Tennessee state courts and his federal habeas corpus petition was denied.

The matter now is before the Court on Petitioner's Rule 60(b) motion requesting relief from judgment [Doc. 212]. The motion rests on what Petitioner characterizes as this Court's "misapprehension" of the relationship between 28 U.S.C. § 2254(d) and (e).

After reviewing the pleadings and briefs filed by both parties, the record of Petitioner's underlying conviction, and the habeas record in this case, the Court finds Petitioner's Rule 60(b) motion, in substance, is a second or successive habeas petition and therefore will **IMMEDIATELY TRANSFER** this action to the United States Court of Appeals for the Sixth Circuit [Doc. 212].

## I. Procedural Background

Petitioner was convicted in the Criminal Court of Union County, Tennessee of first degree premeditated murder, aggravated rape, and aggravated kidnaping of a fifteen-year-old girl; the first-degree murder and aggravated kidnaping of her mother; and larceny. The jury sentenced Petitioner to death for each first-degree murder conviction after finding that three aggravating factors were present: the murders were (1) especially heinous, atrocious, or cruel, (2) committed while Petitioner was engaged in the commission of first degree murder, rape, or kidnaping, and (3) committed to avoid arrest or prosecution. The trial court imposed a sentence of forty years for each of the other convictions.

Petitioner's convictions and sentences were affirmed on direct appeal, *State v. West*, 767 S.W.2d 387 (Tenn. 1989), *cert. denied*, 497 U.S. 1010 (1990), and he subsequently was denied state post-conviction relief, *West v. State*, 1998 WL 309090 (Tenn. Crim. App. June 12, 1998), *affirmed*, 19 S.W.3d 753 (Tenn. 2000). Petitioner then filed a federal habeas corpus petition, which this Court denied. The Sixth Circuit affirmed. *West v. Bell*, 550 F.3d 542 (6th Cir. 2008), *cert. denied*, 130 S. Ct. 1687 (2010), *rehearing. denied*, 130 S. Ct. 2142 (2010).

Petitioner now brings the instant motion, citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and claiming, *inter alia*, that based on new intervening law, the Court misapprehended the interplay between sections 2254(d) and (e) of the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"). According to Petitioner, this misapprehension

caused the Court to decline to consider whether trial counsel was ineffective for failing to present mitigating evidence which was not first presented in state court.

## II.  Discussion

Petitioner's so-called Rule 60(b) motion asks for relief from this Court's September 2004 judgment denying his habeas corpus petition [Doc. 212]. Petitioner, more specifically, seeks to reopen proceedings on his claim that he received ineffective assistance of counsel at his capital sentencing proceedings because trial counsel failed to present evidence that Petitioner was born inside a mental hospital and subject to horrific child abuse [Doc. 212]. He argues these particular allegations present a challenge to the integrity of the proceedings on his § 2254 petition, not to this Court's disposition of the claim on the merits. Petitioner also maintains that intervening case law now demonstrates that, when a federal court engages in *de novo* review after a petitioner establishes an unreasonable application of the federal law by the state court, the federal court may consider the new evidence offered in the case that was not presented in state court.[1] Petitioner cites *Thompson v. Bell*, 580 F.3d 423 (6th Cir.

---

[1] The Court observes that although the Sixth Circuit conducted a *de novo* review of Petitioner's ineffective-assistance-of-counsel-at-sentencing claim, it concluded the state court's decision rejecting that claim was correct. *West v. Bell*, 550 F.3d at 556. Because the Sixth Circuit found that the state court's decision was correct under *de novo* review, Supreme Court precedent establishes it was "necessarily reasonable under the more deferential AEDPA standard of review, 28 U.S.C. § 2254(d)." *Berghuis v. Thompkins*, 130 S.Ct. 2250, 2264 (2010) ("The state court's decision rejecting Thompkins's Miranda claim was thus correct under *de novo* review and therefore necessarily reasonable under the more deferential AEDPA standard of review, 28 U.S.C. § 2254(d)."). Further, while the record from the Sixth Circuit is not currently before the Court, this argument could have and should have been raised in Petitioner's appeal to the Sixth Circuit, his motion for rehearing, and his subsequent petition for writ of certiorari and motion for rehearing, all of which were considered and denied.

2009), *cert. denied*, Oct. 4, 2010, and *Pinholster v. Ayers,* 590 F.3d 651 (9th Cir. 2009), *cert. granted*, sub nom, *Cullen v. Pinholster*, 130 S. Ct. 3410, 78 USLW 3728 (U.S. Jun 14, 2010) (No. 09-1088), as support for this proposition and argues that this new intervening law suffices as an extraordinary circumstance warranting Rule 60(b) relief [Doc. 212].

Respondent opposes Petitioner's motion, arguing that both this Court and the Sixth Circuit Court of Appeals rejected Petitioner's ineffective-assistance-of-counsel-at-sentencing claim. Therefore, argues Respondent, Petitioner's motion seeking to re-litigate this issue is the equivalent to a second or successive habeas application subject to 28 U.S.C. § 2244(b)'s gatekeeping requirements and should be transferred to the United States Court of Appeals for the Sixth Circuit under *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) and 28 U.S.C. § 1631 [Doc. 214].

In his reply, Petitioner argues, *inter alia*, that his motion neither raises a claim for relief nor argues the merits of an issue previously denied on the merits. According to Petitioner, his claim is that the Court failed to consider several allegations of ineffective assistance of counsel, due to a misapprehension of the interplay between 2254 (d) and (e)(2). Petitioner contends his motion is similar to the one granted in *Balentine v. Thaler*, 609 F.3d 729 (5th Cir. 2010) and *Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007).[2]

---

[2] Unlike Petitioner's case, the issue in each of these Fifth Circuit cases was determined to be unexhausted and procedurally barred during federal habeas proceedings. In these cases, both petitioners returned to state court and were denied relief. Because the state court orders were not clearly based on adequate state grounds independent of the merits, the Fifth Circuit construed the state court orders as merits-based, and determined the state court rulings undermined the previous ruling during federal habeas proceedings that the claim was procedurally barred from review. Although these cases raised different issues, in both cases, the Fifth Circuit reversed and remanded the Rule 60(b) motions for consideration of the ineffective assistance of counsel claims.

4

### A. Second or Successive Habeas Petition Analysis

Petitioner's claim is governed by 28 U.S.C. § 2254 and all related statutory restrictions because he bases his claim on new intervening law. *Byrd v. Bagley*, 37 Fed. Appx. 94, 95 (6th Cir. Feb. 20, 2002), *available at* 2002 WL 243400 ("We agree with those circuits that have held that regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254."). Given the nature of the claims that the motion advances, the Court finds that Petitioner's motion is a second or successive § 2254 petition as it leads inextricably to a merits-based attack on the Court's prior dismissal of the § 2254 petition.

In *Gonzales*, the Supreme Court noted that, although, the "AEDPA did not expressly circumscribe the operation of Rule 60(b)," a Rule 60(b) motion is viable "only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzales*, 545 U.S. at 529. It went on to provide that the AEDPA-amended habeas statutes impose three requirements on second or successive habeas petitions: (1) "any claim that has already been adjudicated in a previous petition must be dismissed;" (2) "any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retro-active rule of constitutional law or new facts showing a high probability of actual innocence;" and (3) "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual innocence provisions." *Id.*

In determining whether a Rule 60(b) motion filed by a habeas petitioner is a "habeas corpus application," the Supreme Court instructed that the first step is to determine whether a claim presented also was "presented in a prior application." *Id.* at 530. If so, the claim must be dismissed.[3] *Id.* If not, then the analysis turns to "whether the claim satisfies one of [the] two narrow exceptions." *Id.*

A "claim," according to the Supreme Court, is "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* A motion seeking to add a new ground for relief "will of course qualify" as will an attack on the "federal court's previous resolution of a claim on the merits." *Id.* at 532. "[A]lleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* When a Rule 60(b) motion attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," however, then such is not the case and the motion may be a proper Rule 60(b) motion. *Id.*

The Supreme Court identified three types of claims that might be raised in a Rule 60(b) motion: excusable neglect or mistake, newly discovered evidence, or a subsequent change in substantive law. *Id.* at 530-31. It held that a "habeas petitioner's filing that seeks

---

[3] During the state post-conviction proceedings, there was testimony that Petitioner was born in a mental institution and suffered abuse at the hands of his parents [Doc. 188, at 25]. The Court considered this evidence, as well as all other evidence presented during the state court trial and post-conviction proceedings when assessing whether Petitioner demonstrated prejudice under the *Strickland* standard as a result of trial counsel's alleged short-comings. Even so, the Court will treat the current claims as though they were not presented in a prior application.

vindication of such claims is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Id.* at 531. Using Rule 60(b) to assert these types of claims, the Supreme Court stated, may circumvent AEDPA's requirement that a new claim must be dismissed unless it relies on either a new and retro-active rule of constitutional law or new facts showing a high probability of actual innocence, as well as the requirement that a successive habeas petition must be precertified by the court of appeals. *Id.*

Applying *Gonzalez's* edict that "a rule 60(b) motion that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition[,]" *id*. at 534, it is apparent that Petitioner's Rule 60(b) motion is, in substance, a successive habeas petition. In particular, Petitioner's argument that the Court incorrectly applied the AEDPA in denying his ineffective assistance of counsel claim amounts to an argument that the Court's analysis was incorrect and, as a result, reviewing Petitioner's argument would inextricably lead to a re-examination of the merits of petitioner's prior claim in his habeas petition. Similarly, Petitioner's contention that, based on new intervening law, this review is necessary also amounts to a request for another merits determination of this claim. Accordingly, Petitioner's challenge constitutes a second or successive habeas application.

As indicated above, the AEDPA requires a petitioner to obtain permission in the United States Court of Appeals for the Sixth Circuit for an order authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3); *also see Lyons v. Ohio Adult Parole Auth.,*

7

105 F.3d 1063, 1066 (6th Cir.), *cert. denied*, 520 U.S. 1224 (1997). When a petitioner files a second or successive petition for habeas corpus relief in the district court without § 2244(b)(3) authorization from the Sixth Circuit Court of Appeals, this Court must transfer the document(s) pursuant to 28 U.S.C. § 1631. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). This Court has not received an order from the Sixth Circuit authorizing the Court to consider the pending petition. Accordingly, the Clerk will be **DIRECTED** to **IMMEDIATELY TRANSFER** this action to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631. *In re Sims,* 111 F.3d at 47.

### B. Rule 60(b) Motion for Relief from Judgment Analysis

Even if Petitioner has filed a proper motion under Rule 60(b), he is not entitled to relief. Rule 60(b) of the Federal Rules of Civil Procedure permits a party to request relief from a judgment and reopen a case for certain enumerated reasons, among them mistake, inadvertence, surprise, fraud, newly discovered evidence, and "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Petitioner has not specified under which of the six enumerated subsections of Rule 60(b) he is proceeding; he argues, however, that the Court made a mistake and that his claims present an extraordinary circumstance.

#### 1. Rule 60(b)(1)

Petitioner claims that the Court made a mistake when rendering its decision on the merits of his ineffective-assistance-of-counsel-at-sentencing claim. The fundamental basis of Petitioner's claim of mistake is a claim of legal error, *i.e.*, application of incorrect legal

8

standard. Petitioner argues his ineffective-assistance-of-counsel-at-sentencing claim has not been reviewed under the proper constitutional and statutory standards because this Court misapprehended the interplay between sections 2254(d) and (e) of the AEDPA.

The Sixth Circuit "has recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1)." *Pierce v. United Mine Workers of Am. Welfare and Retirement Fund for 1950 and 1974,* 770 F.2d 449, 451 (6th Cir. 1985), *cert. denied*, 474 U.S. 1104 (1986). Motions filed pursuant to Rule 60(b)(1) may not be filed more than one year after the judgment, order, or proceeding at issue was "entered or taken." Fed. R. Civ. P. 60(b).

Here, Petitioner seeks relief more than six years after the date of the challenged 2004 Memorandum and Order and Judgement and almost six years from the 2004 Supplement to the Memorandum and Order and Judgment [Docs. 188, 189, & 197]. Accordingly, if the Court construed this as a proper motion seeking relief under Rule 60(b)(1), the motion would be denied as untimely.

**B.     Rule 60(b)(6)**

Petitioner has not alleged facts that would implicate the remaining subsections under Rule 60(b). Nevertheless, his assertion of an extraordinary circumstance requires the Court to infer that he is proceeding under Rule 60(b)(6), the catch-all provision with a more forgiving timeliness requirement.

A motion brought under the catch-all provision of Rule 60(b)(6) must be filed within a "reasonable time," Fed. R. Civ. P. 60(b)(6), and requires a showing of "extraordinary

circumstances." *Gonzalez*, 545 U.S. at 535. In addition, the Sixth Circuit has instructed that "[b]ecause of the residual nature of Rule 60(b)(6), a claim of simple legal error, unaccompanied by extraordinary and exceptional circumstances, is not cognizable under Rule 60(b)(6)." *Id.* "These provisions are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6). . . . To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs .Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (internal citations omitted).

As an initial matter and as noted above, Petitioner has allowed approximately six years to pass from the date of this Court's judgment before filing the instant motion seeking relief from that judgment. Petitioner offers no justification for why the intervening six years constitute a reasonable time within which to bring this motion and the Court finds it does not constitute a reasonable time.[4]

---

[4] The instant motion was filed on October 15, 2010. The Court dismissed Petitioner's habeas petition on September 30, 2004, and disposed of his motion to alter or amend judgment on December 10, 2004. Petitioner filed a notice of appeal on January 7, 2005 [Doc. 199]. The Court of Appeals for the Sixth Circuit affirmed the district court on December 18, 2008 [Doc. 204]. The United States Supreme Court subsequently denied certiorari on March 1, 2010 [Doc. 209]. Petitioner filed the instant motion seven months and eleven days later, on October 15, 2010, after his November 9, 2010, execution date was set and less than four weeks prior to that date [Doc. 212]. Consequently, even considering the date on which the Supreme Court denied certiorari when determining the timeliness of this motion, it appears the motion was not filed within a reasonable time. The Court does observe, however, that the motion was filed within a reasonable time from the date on which *certiorari* was denied in *Thompson v. Bell*, *i.e.*, October 4, 2010, a case upon which Petitioner relies but which does not appear to address Petitioner's argument.

With respect to extraordinary circumstances, Petitioner contends that the Court's failure to review and consider new mitigating evidence—evidence which he failed to present in state court—due to a misapprehension of the relationship between 28 U.S.C. § 2254 (d) and (e) qualifies as an extraordinary circumstance. The United States Supreme Court has noted that "[extraordinary] circumstances will rarely occur in the habeas context." *Gonzales*, 545 U.S. at 535. Absent clear Supreme Court precedent, the Court does not conclude it misapprehended the relationship between 28 U.S.C. § 2254(d) and (e), and, even if it did, any alleged error was cured by the Sixth Circuit Court of Appeals' *de novo* review of Petitioner's ineffective-assistance-of-counsel-at-sentencing claim. Thus, this alleged error does not qualify as an extraordinary circumstance.

Petitioner also claims an intervening change in the law qualifies as a new extraordinary circumstance. According to Petitioner, *Pinholster v. Ayers* and *Thompson v. Bell* change the law and permit a federal court to reject a state court's adjudication of a petitioner's claim as unreasonable under 28 U.S.C. § 2254 and grant habeas corpus relief based on facts that were never presented in state court. Thus, claims Petitioner, the Court erred when it refused to consider the affidavits and psychological reports and evaluations he submitted here, but not in state court.

These two cases do not persuade the Court it misapprehended the relationship between the two provisions of the statute. *Pinholster v. Ayers* is a Ninth Circuit case presently pending in the United States Supreme Court. The Ninth Circuit considered factual evidence not presented in state court but which could have been presented in state court, to reject the

11

state court's adjudication of a petitioner's claim as unreasonable under 28 U.S.C. § 2254. *Pinholster*, 590 F.3d at 667-68. The Court declines to follow the decision as it does not appear to be followed by other circuits; indeed, eighteen Attorney Generals have submitted Amici Curiae briefs in support of the warden in that case. *Thompson v. Bell* is a Sixth Circuit case where the appellate court concluded the state court unreasonably applied federal law to a competency-to-be-executed claim and remanded the case back to the district court for a competency hearing. *Id.* at 437-437. The case does not appear to address Petitioner's argument.

Nevertheless, as just stated, any alleged error by this Court was cured by the Sixth Circuit's *de novo* review of this claim. Even if it was not, Petitioner's relief lies in the Sixth Circuit. This Court is bound by the Sixth Circuit's resolution of this claim as it is the law of the case. "Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). Subject to limited exceptions, which are not applicable here,[5] "[t]he law of the case doctrine . . . generally preclude[s] a lower court from reconsidering an issue expressly or impliedly decided by a superior court." *Id.*

---

[5] Examples of limited circumstances when a case could be reopened is "where there is substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice." *Moored*, 38 F.3d at 1421 (internal quotation marks and citations omitted). The Court is not persuaded that either case cited as new intervening law amounts to "a subsequent contrary view of the law by the controlling authority," thus, the law of the case doctrine precludes this Court from reconsidering the issues expressly or impliedly decided by the Sixth Circuit.

Petitioner's alleged intervening change in circuit case law fails to qualify as an extraordinary circumstance.[6] *See Gonzalez*, 545 U.S. at 536 (remarking that no extraordinary circumstance was presented by the ruling in *Artuz v. Bennett*, 531 U.S. 4 (2000), though it changed the interpretation of the AEDPA statute of limitations). Accordingly, not only would the Court find that Petitioner's Rule 60(b) motion is untimely, but also that it does not allege any exceptional or extraordinary circumstances placing his claim within the reach of Rule 60(b)(6).

### III. Conclusion

For the reasons set forth above, Petitioner's Rule 60(b) motion is a second or successive habeas petition brought pursuant to § 2254 over which this Court has no jurisdiction absent precertification by the court of appeals. Therefore, in light of Petitioner's approaching execution date, the petition will be **TRANSFERRED IMMEDIATELY** to the United States Court of Appeals for the Sixth Circuit for a determination as to whether, under 28 U.S.C. § 2244(b)(2), this successive habeas petition may be filed [Doc. 212].

The Clerk **SHALL** notify the Sixth Circuit of the transfer and approaching execution date.

An appropriate order will enter.

                                             s/ Thomas A. Varlan
                                             UNITED STATES DISTRICT JUDGE

---

[6] Even if a change in law constitutes grounds for relief, Petitioner cannot make that showing as he has not demonstrated a change in Sixth Circuit or Supreme Court law that clearly undermines the validity of this Court's previous judgment.