UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| STEPHEN MICHAEL WEST, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:01-cv-91 |
| | ) | | (VARLAN/SHIRLEY) |
| WAYNE CARPENTER, WARDEN,[1] | ) | | |
| Riverbend Maximum Security Institution, | ) | | **DEATH PENALTY** |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM

Stephen Michael West ("Petitioner") was sentenced to death following his 1987

convictions for killing a fifteen-year-old girl and her mother. He has exhausted his appeals

in the Tennessee state courts and his federal habeas corpus petition was denied.

The matter is before the Court on Petitioner's second Rule 60(b) motion requesting

relief from judgment [Doc. 226], Respondent's opposition to the motion [Doc. 229],

Petitioner's reply [Doc. 230], and supplemental authority filed by both parties [Docs. 231-

236]. The motion, as supplemented, relies upon the Supreme Court decisions of *Martinez*

---

[1] Wayne Carpenter was appointed Warden of Riverbend Maximum Security Institution on May 6, 2013. *See* http://www.tn.gov/correction/institutions/wardenbio.html. Thus, the Court has made the substitution and **DIRECTS** the Clerk to make the appropriate change on the Court's CM/ECF docket.

*v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013).[2] Petitioner

seeks to show cause and prejudice for the default found by this Court on his claim that trial

counsel was burdened with a conflict of interest during his federal habeas proceedings.[3]

Respondent argues that Petitioner has not shown exceptional circumstances required for Rule

60(b) relief, and that *Martinez* and *Trevino* do not apply to Tennessee cases.

After reviewing the pleadings and briefs filed by both parties, the supplemental

authority, the applicable law, and to a limited extent, the record of Petitioner's underlying

---

[2] In *Martinez*, the Supreme Court held that a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of trial counsel if the state procedural law required claims of ineffective assistance of counsel to be raised in an initial-review collateral proceeding and there was no post-conviction counsel or post-conviction counsel was ineffective. 132 S. Ct. at 1320. In *Trevino,* the Supreme Court expanded the application of *Martinez* to cases where the design and operation of a state's procedural framework make it highly unlikely, in a typical case, that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal. 133 S. Ct. at 1921.

[3] A review of Petitioner's amended federal habeas petition reflects he is referring to Claim III. A. and B., wherein he alleged his lead counsel, Mr. Richard McConnell, was acting under an actual conflict of interest. In his amended habeas petition, Petitioner claims he was denied effective assistance of counsel because "[l]ead counsel, Richard McConnell, was operating under two irreconcilable conflicts from which prejudiced is presumed" [Doc. 111 at 46]. Petitioner asserts his parents hired Mr. McConnell to represent him [Doc. 111 at 56]. Petitioner alleges counsel refused to investigate and introduce his family history, which includes a long history of substantial abuse (alleged abuse which Petitioner does not remember) and resulting physical and emotional problems, because his mother ordered counsel not to investigate any alleged abuse and threatened to fire him if he did conduct such an investigation. Specifically, Petitioner alleges his mother told her husband to be quiet when he started telling about the abuse they had inflicted on Petitioner, and his subsequent drug problems at his parents' first meeting with the attorney [Doc. 111 at 63-64]. Both trial attorneys denied receiving any information Petitioner was subjected to physical or sexual abuse or any of the alleged resulting injuries [Addendum No. 25 at 198-99; Addendum No. 26 at 267-77]. Petitioner also alleges Mr. McConnell demanded a monetary incentive from his family to "get him off, get him out of the electric chair, get him off the murder case and he demanded payments in excess of the originally agreed upon amount and implied that if the family did not make these additional payments, he would not properly prepare for trial" [Doc. 111 at 47].

2

conviction and the habeas record in this case, the Court is not persuaded that Petitioner has

shown the "exceptional circumstances" required for Rule 60(b)(6) relief.

## I.    PROCEDURAL BACKGROUND

Petitioner was convicted in the Criminal Court of Union County, Tennessee of first-

degree premeditated murder, aggravated rape, and aggravated kidnaping of a fifteen-year-old

girl; the first-degree murder and aggravated kidnaping of her mother; and larceny.  The jury

sentenced Petitioner to death for each first-degree murder conviction after finding that three

aggravating factors were present: the murders were (1) especially heinous, atrocious, or cruel,

(2) committed while Petitioner was engaged in the commission of first-degree murder, rape,

or kidnaping, and (3) committed to avoid arrest or prosecution.  The trial court imposed a

sentence of forty years for each of the remaining convictions.

Petitioner's convictions and sentences were affirmed on direct appeal, *State v. West*,

767 S.W.2d 387 (Tenn. 1989), *cert. denied*, 497 U.S. 1010 (1990), and Petitioner

subsequently was denied state post-conviction relief.  *West v. State*, No. 03C01-9708-CR-

00321, 1998 WL 309090 (Tenn. Crim. App. June 12, 1998), *affirmed*, 19 S.W.3d 753 (Tenn.

2000).  Petitioner then filed a federal habeas corpus petition, which this Court denied and

which the appellate court affirmed.  *West v. Bell*, 550 F.3d 542 (6th Cir. 2008), *cert. denied*,

130 S. Ct. 1687 (2010), *rehearing. denied*, 130 S. Ct. 2142 (2010).

Petitioner, citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005), *Martinez*, and *Trevino*,

brings the instant Rule 60(b)(6) motion claiming that new intervening law (i.e., *Martinez* and

*Trevino*) amounts to "extraordinary circumstances," and therefore, he may now show cause

3

and prejudice for the default found by this Court on his claim that trial counsel was burdened by a conflict of interest.

## II.    APPLICABLE LAW

### A.    Rule 60(b)(6)

Federal Rule of Civil Procedure 60(b) enumerates six circumstances under which a party may be relieved from a final judgment or order. Petitioner is proceeding under Rule 60(b)(6) which provides for relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(c) requires a motion filed pursuant to Rule 60(b)(6) to be filed within a reasonable time after the entry of the judgment or order.[4]

The Supreme Court has held that relief under this section requires a showing of exceptional or extraordinary circumstances. *Gonzalez,* 545 U.S. at 535 (citing *Ackermann v. United States,* 340 U.S. 193, 199 (1950)). The Sixth Circuit adheres to the view that Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances other than those identified in the preceding five enumerated grounds of Rule 60(b). *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011); *Hopper v. Euclid Manor Nursing Home, Inc.* 867 F.2d 291, 294 (6th Cir. 1989).

---

[4] Almost nine years passed from the date of this Court's judgment before Petitioner filed the instant motion seeking relief from that judgment. Petitioner offers no justification for why the intervening almost nine years constitute a reasonable time within which to bring this motion. In addition, almost eleven months passed from the date of the Supreme Court's decision in *Martinez* before Petitioner filed the instant motion. Petitioner likewise offers no justification for why the intervening almost eleven months constitute a reasonable time within which to bring this motion.

4

**B.** *Martinez v. Ryan* **and** *Trevino v. Thaler*

*Martinez* and *Trevino* altered the legal environment with respect to whether ineffective assistance of post-conviction counsel may establish "cause" to excuse a procedural default of an ineffective assistance of trial counsel claim. There is uncertainty, however, as to the application of this change in relation to Tennessee cases and in relation to Rule 60(b)(6) motions.

Before *Martinez*, habeas petitioners were unable to claim ineffective assistance of counsel in collateral proceedings as a basis for excusing a defaulted claim. *Coleman v. Thompson,* 510 U.S. 722, 756-57 (1991). *Martinez*, however, hewed "a narrow exception" to that general rule, holding that where state procedural law requires claims of ineffective assistance of trial counsel to be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the state's initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *Martinez,* 132 S. Ct. at 1320. *Trevino*, addressing Texas's procedural framework, expanded the application of *Martinez* to a limited extent, concluding "that where, as here, state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies[.]" *Trevino,* 133 S. Ct. at 1921.

## III. ANALYSIS

### A. Petitioner's Contentions

Petitioner's Rule 60(b) motion requests relief from this Court's September 2004 judgment denying his habeas corpus petition [Doc. 226]. Petitioner seeks to reopen proceedings on his claim that he received ineffective assistance of counsel at his capital trial and sentencing proceedings because trial counsel was burdened by a conflict of interest—a claim that this Court found procedurally defaulted in Petitioner's federal habeas proceedings. More specifically, Petitioner alleges counsel failed to present evidence that Petitioner was born inside a mental hospital and subject to horrific child abuse as a result of lead counsel taking direction and payment from Petitioner's parents—the people who allegedly inflicted the abuse on him [Doc. 226]. According to Petitioner, counsel was taking directions from Petitioner's parents and placed counsel's fiscal concerns over Petitioner's best interest. Petitioner further alleges counsel refused to investigate and present his history of abuse because Petitioner's mother threatened to fire him if he conducted such an investigation [Doc. 111 at 46-67].

Petitioner argues "[t]he erroneous failure to review and consider this compelling claim, due to post-conviction counsel's ineffectiveness, qualifies as an extraordinary circumstance warranting reopening of his habeas petition" [Doc. 226 at 2]. Petitioner maintains the present claim meets the *Martinez* standard, as expanded by *Trevino*, because Tennessee's procedural framework makes it highly unlikely that a defendant will have a meaningful opportunity to raise an ineffective assistance of counsel claim on direct appeal.

6

Petitioner explains that because he was represented by Mr. McConnell and Mr. McAlexander at his trial and on the motion for new trial, and by Mr. McAlexander on direct appeal, neither attorney could raise a claim of ineffective assistance of counsel due to conflict of interest during the direct appeal process, and additionally, the claim depended on evidence outside the appellate record. Therefore, asserts Petitioner, the claim had to be raised during collateral proceedings.[5]

### B.     Respondent's Arguments

Respondent opposes Petitioner's motion, arguing *Martinez* does not apply in Tennessee and does not provide an exceptional circumstance necessary to form the basis for Rule 60 relief. In his initial opposition, Respondent relies fairly heavily on the Sixth Circuit's original decision in *Hodges v. Colson,* 711 F.3d 589, 601-601 (6th Cir. 2013), and this Court's 2012 memorandum and order denying a Rule 59(e) motion to alter or amend a habeas judgment in light of *Martinez. See Sutton v. Colson,* No. 3:07-CV-30 (E.D. Tenn. Sept. 20, 2012).

The Court notes that *Hodges* was subsequently amended and superseded by *Hodges v. Colson*, — F.3d —, No. 09-5021, 2013 WL 4414811 (6th Cir. Aug. 14, 2013), rendering it less supportive of, but not contrary to, Respondent's position, as the Court of Appeals concluded that *Martinez* and *Trevino* were inapplicable because the petitioner did not default

---

[5] Notably, the lack of "meaningful opportunity" addressed by *Martinez* and *Trevino* was caused by the procedural rules imposed by the state courts in Arizona and Texas. Neither case considered the conflict of interest argument made by Petitioner. Nevertheless, this argument is supportive of Petitioner's claim that although Tennessee grants permission, it denies a fair, meaningful opportunity to develop an ineffective assistance of counsel claim on direct appeal.

7

an ineffective assistance of trial counsel claim. The Court also notes that the Sixth Circuit is holding *Sutton* in abeyance pending resolution of Sutton's motion requesting that the Sixth Circuit remand the case on the basis that *Trevino* clarifies that *Martinez* applies to Tennessee because Tennessee's procedural framework makes it highly unlikely a Tennessee defendant will have a meaningful opportunity to raise an ineffective assistance of trial counsel claim on direct appeal. A briefing schedule was issued on August 29, 2013, directing the parties to address the effect of *Trevino* in their briefs. *Sutton*, however, does not involve a Rule 60(b) motion.

### C. Discussion

In *Martinez*, the Supreme Court specifically noted that "*Coleman* had suggested, though without holding, that the Constitution may require States to provide counsel in initial-review collateral proceedings because 'in [these] cases . . . State collateral review is the first place a prisoner can present a challenge to his conviction[,] . . . [thus making] the initial-review collateral proceeding a prisoner's 'one and only appeal' as to an ineffective-assistance claim, and this may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings." *Id.* at 1315 (quoting *Coleman*, 501 U.S. at 755-56). The Court, however, did not resolve this constitutional question. *Id.* Instead, specifically concluding "[t]his is not the case . . . to resolve whether that exception exists as a constitutional matter[,]" the Court "qualifie[d] *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at the initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* The

8

Court limited this exception to cases where state law *required* claims of ineffective assistance of counsel to be raised in an initial-review collateral proceeding. *Id.* at 1320. The Court characterized its ruling as an equitable ruling and not a constitutional one. *Id.* at 1318-19.

The specific issues before this Court are whether *Martinez*, as expanded by *Trevino*, qualify as "exceptional circumstances" required for Rule 60(b)(6) relief; and, if so, whether these cases apply to Tennessee cases. The Court, however, concludes it need not determine the application of *Martinez*, as expanded by *Trevino*, to Tennessee cases because, even if *Martinez* is applicable, the Court is not persuaded the equitable ruling of *Martinez*, alone or in conjunction with other factors considered by the Court *infra*, meets the Rule 60(b)(6) "exceptional circumstance" standard under Supreme Court or Sixth Circuit precedent. *See Gonzalez,* 545 U.S. at 536 (ruling that a change in the tolling rules applicable to the habeas corpus statute of limitations did not resurrect a habeas petition that had been dismissed as untimely in accordance with the Circuit's then-prevailing precedent at the time interpretation of 28 U.S.C. § 2244(d)(2) and it was "hardly extraordinary that subsequently, after petitioner's case was no longer pending, th[e] [Supreme] Court arrived at a different interpretation"); *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) ("It is well established that a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief.").

While neither the Supreme Court nor the United States Court of Appeals for the Sixth Circuit has addressed the application of *Martinez* to a Rule 60(b)(6) motion, the numerous courts that have addressed the issue have concluded *Martinez* fails to amount to

9

"extraordinary circumstances" warranting relief. *See Adams v. Thaler*, 679 F.3d 312, 219 (5th Cir. 2012) (finding Fifth Circuit precedents hold a change in decisional law after entry of judgment does not constitute exceptional circumstances under Rule 60(b)(6)), *stay of execution denied*, 132 S. Ct. 1995 (Apr. 26, 2012); *Ferguson v. Hobbs*, No. 5:11CV00267-SWW-JJV, 2013 WL 4431294, at *2 (E.D. Ark. Aug. 16, 2013) (*Martinez* and *Trevino* are not extraordinary circumstances meriting Rule 60 relief); *Tilcock v. Budge*, No. 3:03-CV-037-RCJ-RAM, 2013 WL 2324452, at *2 (D. Nev. May 28, 2013) (noting virtually every court that has examined *Martinez* in the context of Rule 60(b)(6) has rejected the notion the case satisfies the "extraordinary circumstances" requirement and collecting cases); *Sheppard v. Robinson*, No. 100-CV-493, 2013 WL 146342 (S.D. Ohio Jan. 14, 2013) (*Martinez* does not qualify as extraordinary circumstances and the fact that the case was a capital case did not individually or cumulatively amount to extraordinary circumstance), *cert. of app. granted*, 2013 WL 1721205 (S.D. Ohio Apr. 2, 2013); *Jackson v. Ercole*, No. 09-CV-1054(MAT), 2012 WL 5949359 (W.D.N.Y. Nov. 28, 2012) (even if *Martinez* were applicable, no showing it qualifies as an extraordinary circumstance); *Haynes v. Thaler*, No. H-05-3424, 2012 WL 4739541 (S.D. Tex. Oct. 3, 2012) ("*Martinez* does not apply to habeas cases arising from Texas courts and, even if it did apply, Haynes has not shown extraordinary circumstances under Rule 60(b)(6)"), *cert. granted, judgmt. vacated,* 133 S. Ct. 2764 (June 3, 2013). *But see Lopez v. Ryan*, 678 F.3d 1131, 1136 (9th Cir. 2012) (affirming denial of Rule 60(b) motion but concluding the nature of the change in law by *Martinez* is remarkable, albeit limited, development weighing slightly in favor of Rule 60(b)(6) relief), *cert. denied*,

10

133 S. Ct. 55 (2012); *Barnett v. Roper*, No. 4:03CV00614 ERW, 2013 WL 1721205 (E.D.

Mo. Apr. 22, 2013) (noting other district courts, including courts with capital cases pending

have rejected that *Martinez* satisfies Rule 60(b)'s extraordinary circumstances requirement,

but concluding because Barnett diligently pursued his underlying substantive claim of

ineffective assistance of trial counsel and its procedural default status, expeditiously filed his

Rule 60(b) motion three months after *Martinez* was issued, the ground for relief was certified

as appealable when denying habeas relief, and in the present proceeding his underlying claim

of trial counsel's ineffectiveness is substantial, the change in the law along with these other

factors satisfied the high standard of Rule 60(b)(6)).

The Court's research has not revealed a Supreme Court or United States Court of

Appeals for the Sixth Circuit  decision permitting a Tennessee petitioner to reopen a case

under Rule 60(b)(6) based on the change in law under *Martinez*.[6]  As noted above, the Fifth

Circuit considered the issue in *Adams v. Thaler* and concluded "the *Martinez* decision is

simply a change in decisional law and is not the kind of extraordinary circumstance that

warrants relief under Rule 60(b)(6)."   679 F.3d at 320 (internal quotations omitted).

Likewise, the United States Court of Appeals for the Ninth Circuit affirmed the denial of a

Rule 60(b) motion holding that, although "the nature of the intervening change of law in

---

[6] Notably, the Supreme Court has remanded two cases involving the same Texas court system that was at issue in *Trevino* for further consideration in light of *Trevino*.  *See Balentine v. Thaler*, 133 S. Ct. 2763 (June 3, 2013), and *Haynes v. Thaler*, 133 S. Ct. 2764 (June 3, 2013) (the district court first concluded *Martinez* was not applicable pursuant to Fifth Circuit precedent, second *Martinez* failed to constitute an extraordinary circumstance, and third it had already adjudicated the claim; the appellate court denied a Rule 60(b) motion finding *Martinez*'s equitable exception inapplicable to Texas capital habeas petitioners).

11

*Martinez*" was a factor weighing "slightly" in favor of reopening the case, other factors

weighed against doing so. *Lopez*, 678 F.3d at 1135-36. Specifically, the Ninth Circuit found

that the petitioner's lack of diligence in pursuing the issue during federal habeas proceedings,

the interest in finality, the degree of connection between the petitioner's case and *Martinez,*

and the concern of comity weighed against reopening the case and finding an extraordinary

circumstance. *Id.*

The Sixth Circuit has instructed that "[t]he decision to grant Rule 60(b)(6) relief is a

case-by-case inquiry that requires the trial court to intensively balance numerous factors,

including the competing policies of the finality of judgments and the incessant command of

the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580

F.3d 423, 442 (6th Cir. 2009). In *Overbee v. Van Waters & Rogers,* 765 F.2d 578, 580 (6th

Cir. 1985), the Sixth Circuit concluded a change in the law and the unique fact that it

occurred while the case was on remand to the district for reconsideration of a motion for a

new trial, but prior to the evidentiary hearing compelled the granting of the Rule 60(b)(6)

motion.

The Court is cognizant that Rule 60(b)(6) confers "a broad equitable power to do

justice." *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010). Nevertheless, having

considered the uncertainty in application of the change in the law, the Court is not persuaded

Petitioner has demonstrated extraordinary circumstances to grant his motion. As previously

noted, neither *Martinez* nor *Trevino* held there is a constitutional right to counsel in initial-

review state habeas cases where ineffective assistance of counsel must be raised in an initial-

review collateral proceeding or where the structure and design of the system in actual operation renders it virtually impossible to present an ineffective assistance of trial counsel claim on direct review. Rather, the Supreme Court characterized its ruling as an equitable one. Furthermore, neither the Supreme Court nor the Sixth Circuit has instructed that *Martinez* may constitute exceptional circumstances for purposes of Rule 60(b) relief.

Moreover, the additional factors considered by courts in determining whether to grant Rule 60(b) relief do not weigh in favor of reopening this case. For example, the Court has found no explanation for Petitioner waiting almost one year after the Supreme Court issued the *Martinez* decision before filing this instant motion, and the lack of an explanation for his delay does not weigh in Petitioner's favor. Although this is a death penalty case, the State's and victims' interests in finality are significant, especially considering Petitioner was convicted approximately twenty-six years ago and his habeas petition was denied approximately nine years ago. Therefore, based on the record as a whole, the interest in finality and comity appears to be fairly equally balanced. The decision during habeas proceedings that the issue did not warrant a certificate of appealability does not weigh in Petitioner's favor. Finally, because Petitioner does not remember any alleged abuse and there is a lack of documentary evidence of the alleged hospital treatment received from the abuse alleged in his relatives' affidavits, the Court is unable to conclude Petitioner's claim that counsel was working under a conflict of interest weighs in his favor. *See Cuyler v. Sullivan*, 446 U.S. 335, 351 (1980) ("A defendant who shows that a conflict of interest actually affected the adequacy of representation need not demonstrate prejudice in order to

13

obtain relief."). Consequently, weighing the Supreme Court's decision in *Martinez* (i.e, the uncertainty of its application) and these additional factors, the Court does not find "exceptional circumstances" meriting relief under Rule 60(b)(6).

These two intervening Supreme Court decisions, both of which were federal habeas appeals, have injected uncertainty as to their exact application. The Court's research has not revealed Supreme Court or Sixth Circuit precedent extending *Martinez* and *Trevino* to Rule 60(b) motions or Tennessee cases.[7] Accordingly, absent instruction from the Sixth Circuit or Supreme Court that *Martinez* and *Trevino* may constitute "extraordinary circumstances" meriting Rule 60(b)(6) relief, the Court declines to find that these cases extend to claims raised in a Rule 60(b) motion.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's Rule 60(b) motion is **DENIED** [Doc. 226]. Because the case law on effective assistance of post-conviction counsel is evolving, reasonable jurists could disagree on whether this Court's denial of the Rule 60(b)(6) motion

---

[7] The Court's research revealed that only one district court in Tennessee has ruled on a Rule 60(b) motion relying on *Martinez* and *Trevino*. *See Rahman v. Carpenter*, No. 3:96-0980, 2013 WL 3865071 (M.D. Tenn. July 25, 2013). In that case, the respondent argued the petitioner failed to demonstrate the "'exceptional circumstances' required for Rule 60 relief; and the *Martinez/Trevino* decisions do not apply to Tennessee criminal court proceedings." *Id.* at *2. The court concluded "that Petitioner's request to reconsider his claims, under Rule 60 or otherwise, should be denied because the *Martinez/Trevino* decisions do not apply to reverse the findings of procedural default." *Id.* at *3. Notably, in the federal habeas case of *Smith v. Colson*, 381 F. App'x 547 (6th Cir. 2010), the Supreme Court of the United States granted *certiorari*, vacated the Sixth Circuit Court of Appeals decision, and remanded the case to the Sixth Circuit for further consideration in light of *Martinez*. The Sixth Circuit remanded the case to the district court on June 25, 2013. Thus, the issue of *Martinez*'s application to Tennessee cases remains an open question.

is adequate to deserve further review.  Therefore, Petitioner will be **GRANTED** a certificate of appealability on two issues: (1) whether *Martinez*, as expanded by *Trevino*, may constitute extraordinary circumstances meriting Rule 60(b)(6) relief, and (2) whether *Martinez*, as expanded by *Trevino*, is applicable to Tennessee cases.

An appropriate order will enter.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE